ORIGINAL

$45,843.COM

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Agana, Guam 96910
Telephone: (671) 472-7332/7283
Telecopier: (671) 472-7334

Attorneys for United States of America

**FILED**
DISTRICT COURT OF GUAM
DEC 22 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> $45,843.00 IN UNITED STATES ) <br> CURRENCY, ) <br> ) <br> Defendant. ) <br> _____ ) | CIVIL CASE NO. **06-00038** <br><br> **VERIFIED COMPLAINT OF FORFEITURE IN REM** |

Now comes plaintiff, the United States of America, by and through its attorneys, Leonardo M. Rapadas, United States Attorney for the District of Guam, and Karon V. Johnson, Assistant United States Attorney, and respectfully states as follows:

1. This is a civil forfeiture action in rem brought forfeit and condemn to the use and benefit of the United States of America .in United States currency, pursuant to the provisions of Title 21, United States Code, Section 881(a) which provides in pertinent part:

> The following shall be subject to forfeiture to the United States and no property right shall exist in them:
>
> (6) All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation

-1-

     of this subchapter, all proceeds traceable to such an exchange, and
all moneys, negotiable instruments, and securities used or intended
     to be used to facilitate any violation of this subchapter.

  2. The United States alleges that the defendant is subject to forfeiture to the United States, as provided by Title 18, United States Code, Section 981(b), because it constitutes and is derived from proceeds traceable to a violation of the Controlled Substances Act, and was used to commit and to facilitate the commission of, a violation of the Controlled Substances Act, to-wit: Title 21, United States Code, Sections 841(a)(1) and 846, Conspiracy to Distribute Methamphetamine Hydrochloride (ice), and Distribution of Methamphetamine Hydrochloride (ice).

  3. This Court has jurisdiction over this matter by virtue of Title 28, United States Code, Sections 1345 and 1355. Venue is proper in this district pursuant to Title 18, United States Code, Section 981(h) because the defendant is located within this district.

  4. The defendant is $45,843.00 in United States currency, which is presently in the custody of the Drug Enforcement Administration.

  5. Facts sufficient to support a reasonable belief that the government will be able to meet its burden at trial, as required by Supplemental Rules for Certain Admiralty and Maritime Cases Rule G is set forth in the Declaration of DEA Special Agent Ken Bowman, attached hereto and incorporated herein as Exhibit "A".

  **WHEREFORE**, the United States of America respectfully asserts that there is reason to believe that the defendant $45,843.00 in United States currency is forfeitable to the United States under Title 21, United States Code, Section 881(a)(6.

  **FURTHERMORE**, United States requests:

  1. That the Court decree that the forfeiture of the defendant $45,843.00 in United States currency under Title 18, United States Code, Section 881(a)(6) is confirmed, enforced and ordered;

  2. That the Court thereafter order that the United State Marshal, or his delegate, dispose

-2-

Case 1:06-cv-00038   Document 1   Filed 12/22/2006   Page 2 of 5

of the defendant as provided by law; and

    3. That the Court award Plaintiff United States all other relief to which it is entitled, including the costs of this action.

    Respectfully submitted this __22nd__ day of December, 2006.

LEONARDO M. RAPADAS<br>
United States Attorney<br>
Districts of Guam and NMI

By: _____
KARON V. JOHNSON
Assistant U.S. Attorney

EXHIBIT "A"

**DECLARATION OF KENNETH BOWMAN**

I, Kenneth Bowman, being first duly sworn, do depose and say:

1. I am a Special Agent of the Drug Enforcement Administration and make this affidavit in the course of my official duties. I make this complaint based on my personal knowledge and on information furnished to me by other law enforcement personnel.

2. Judith Ann F. Mateo was arrested on August 17, 2006, during the course of a traffic stop. She was found to be in possession of 13 small heat-sealed straws of methamphetamine hydrochloride (ice), called "plates." The driver of the vehicle, Robert Duenas Quidachay, was also in possession of five (5) such heat-sealed straws. Approximately 4.7 grams of ice was found in the back seat of the car, in addition to gram scales and $6,004. in U.S. currency. Mateo had an additional $1,709.00 in U.S. currency in her purse.

3. Quidachay was arrested and agreed to cooperate with DEA investigators. During the course of this investigation, he advised DEA investigators that Mateo had given him $2,000 to purchase five grams of ice from a Korean known as "Jay." Quidachay said that Mateo was trafficking in ice out of her residence at 142A Borja Street, Barrigada, Guam.

4. On August 22, 2006, DEA and other law enforcement agents executed a search warrant at 142A Borja Street, Barrigada, Guam. During the search of the house, agents seized two firearms, drug paraphernalia, drug scales, a camera security system, and $45,843.00 in U.S. currency. Agents observed that the house, and an adjacent container, were filled with hundreds of items, including new electronic equipment, DVD players, games, bicycles, automobile tires, bush cutters and other expensive lawn maintenance equipment. Mateo's son, Jacob R.F. Mateo, was arrested at Mateo's residence on August 21, 2006.

5. Judith Ann F. Mateo has pled guilty to conspiracy to distribution of methamphetamine hydrochloride (ice) in violation of Title 21, United States Code, Sections 841(a)(1) and 846, and use of a firearm during and in relation to a drug trafficking offense, in violation of Title 18,

-4-

Case 1:06-cv-00038   Document 1   Filed 12/22/2006   Page 4 of 5

United States Code, Section 924(c)(1)(A), Criminal Case No. 06-00033. Jacob R.F. Mateo has pled guilty to distribution of methamphetamine hydrochloride (ice) in violation of Title 21, United States Code, Section 841(a)(1), Criminal Case No. 06-00033. Both plea agreements provided that the defendants would truthfully disclose all facts relating to their knowledge of drug trafficking.

6. I have been present during the course of several interviews of Judith Ann F. Mateo. She told me that she had a romantic relationship with John S. Blas, who lived at her residence for several years, until they broke up in 1995, and that during that time he was her partner in the distribution of ice. On December 19, 2006, I interviewed Jacob R.F. Mateo, who advised that John S. Blas moved into Mateo's residence approximately nine years ago, and has been selling ice from the residence since the time he moved in. Jacob R. F. Mateo said that John S. Blas was a supplier for Judith Ann F. Mateo until he moved out of her home.

7. Judith Ann F. Mateo has told me that the $45,834.00 in United States currency seized from her residence during the course of the search was her own money, which she had earned through her trafficking in ice.

Based upon the information received from Judith Ann F. and Jacob R. F. Mateo, I believe that if any of that money in fact belongs to John S. Blas, it is proceeds of his drug trafficking during the time he lived with Judith Ann F. Mateo.

FURTHER AFFIANT SAYETH NAUGHT.

_____
KENNETH BOWMAN
Special Agent, DEA

SUBSCRIBED AND SWORN TO BEFORE me on this _____ day of December, 2006.

_____
NOTARY PUBLIC

CARMELLETA Q. SAN NICOLAS
Notary Public
In and for Guam, U.S.A.
My Commission Expires: Aug. 15, 2010
Sirena Plaza, Ste. 500,
108 Hernan Cortez Avenue
Hagatna, Guam 96910

-5-