

FILED
DISTRICT COURT OF GUAM
AUG 28 2007
JEANNE G. QUINATA
Clerk of Court

$45,843.RES

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Agana, Guam 96910
Telephone: (671) 472-7332/7283
Telecopier: (671) 472-7334

Attorneys for United States of America

## IN THE UNITED STATES DISTRICT COURT

## FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CIVIL CASE NO. 06-00038 |
| Plaintiff, | |
| vs. | **UNITED STATES RESPONSE TO COURT'S INQUIRY** |
| $45,843.00 IN UNITED STATES CURRENCY, | |
| Defendant. | |

In response to the court's inquiry of August 23, 2007, the government is indeed moving to dismiss the entire complaint of forfeiture. This case is unusual. The $45,843.00 was seized when a search warrant was executed on the residence of Judith Mateo; her son Jacob Mateo also lived there. The DEA forfeited this money administratively, and as part of that administrative procedure published notice of the forfeiture for three consecutive weeks in the *Pacific Daily News*. In the meantime, Judith Mateo and Jacob were indicted for distribution of ice, which indictment included a count of forfeiture. Both defendants pled guilty to forfeiture, admitting in their plea agreement that this $45,843.00 was drug proceeds. The residence had a quantity of other items, including tools, bush cutters and other personal property, which were not seized by

-1-

the DEA, nor the subject of any forfeiture.

While the criminal case was proceeding, the undersigned government counsel was contacted by Attorney Mark S. Smith, who advised that he represented John S. Blas in a civil lawsuit to recover a long list of personal property, much of which had been discovered in the Mateo residence and which Blas asserted belonged to him. Apparently Blas had lived with Judith Mateo, had a falling-out, and left the residence without taking his property with him. Mr. Blas contended that this $45,843.00 should be given to him for restitution for property which Judith Mateo had disposed of. Although Mr. Smith was advised that such facts would not sustain a valid claim, on November 27, 2006, Mr. Blas filed a claim for this $45,843.00 with the DEA Asset Forfeiture Section. Such a claim is allowed pursuant to 18 U.S.C. § 983(a)(2)(A).

The effect of filing such a claim changes the nonjudicial civil forfeiture (or administrative) proceeding into a civil matter before the District Court. Title 18, U.S.C. § 983(a)(3)(A) requires the government to file a judicial forfeiture complaint within 90 days after a claim has been filed in an administrative forfeiture. On December 8, 2006, the DEA Asset Forfeiture Section sent notice of Mr. Blas' claim to this office. Accordingly, on December 22, 2006, this office filed a Verified Complaint of Forfeiture. (The government would note in passing that Judith Mateo's house had also been seized and secured, with Blas' property inside. The DEA eventually met Mr. Blas at the residence and gave him the items he claimed were his.)

In the meantime, Judith Mateo and Jacob Mateo had both consented to the forfeiture of these funds pursuant to their plea agreements in the criminal case. This office is proceeding to forfeit these funds through the criminal matter, Criminal Case No. 06-00033. The next step in this criminal forfeiture is for the U.S. Marshal's Service to publish notice of the preliminary order of forfeiture once a week for three consecutive weeks in a newspaper of general circulation. The *Pacific Daily News* usually charges between $600 and $700 dollars for such publication.

On January 29, 2007, this office received notice from Mr. Blas that he withdrew and cancelled his claim to this property. Accordingly, the government filed a motion for preliminary

order of forfeiture in rem on February 2, 2007. The court granted the motion and issued a Preliminary Order of Forfeiture on February 21, 2007. This order must also be published for three consecutive weeks in a newspaper of general circulation on Guam.

Faced with the cost of making two identical publications, the Asset Forfeiture Contact for this office, Carmelleta San Nicolas, contacted Stephanie Hinds, Chief, Asset Forfeiture Division, Northern California. A copy of that e-mail and Ms. Hind's reply, is attached hereto as Exhibit 1. In short, Ms. Hinds saw no reason for such duplication of effort and money, and advised this office to dismiss the civil complaint in its entirety. Hence, the government's motion should be granted and this civil case be dismissed.

RESPECTFULLY SUBMITTED this __28th__ day of August, 2007.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By: _____
KARON V. JOHNSON
Assistant U.S. Attorney

**San Nicolas, Carmelleta (USAGU)**

| From: | Hinds, Stephanie (USACAN) |
|---|---|
| Sent: | Tuesday, August 07, 2007 7:22 AM |
| To: | San Nicolas, Carmelleta (USAGU) |
| Subject: | RE: Forfeiture Guidance on Parallel Proceedings |

Greetings to you, Carmelleta, from the east coast as I am currently in Washington D.C. With respect to your first question, here are my thoughts: I usually think of a preliminary order of forfeiture as something we file in connection with a criminal forfeiture since we adress the defendant's interest in the property before we deal with 3p interests. If your "civil" preliminary order was also filed and served in the criminal case, then I think you would be able to finalize the forfeiture criminally, provided you dismiss the civil case.

With respect to your second question, you can get a stipulated consent judgment or move for a default judgment, provided all parties were served, or waived notice, and there are no claimants contesting the forfeiture.

Sent by Good Messaging (www.good.com)


-----Original Message-----
From: San Nicolas, Carmelleta (USAGU)
Sent: Monday, August 06, 2007 02:20 AM Eastern Standard Time
To: Hinds, Stephanie (USACAN)
Subject: Forfeiture Guidance on Parallel Proceedings

Haifa Adai Ms. Hinds,

Once again, I am in dire need of your expert guidance.

1. A Criminal Indictment was filed for drug charges and forfeiture allegation for automobiles and cash.
2. Both defendants plead to the criminal indictment: drug charges and forfeiture allegations.
3. A claim was filed during DEA's Administrative Legal Notice Publication for cash.
4. Claimant was neither of the two defendants in the criminal case.
5. AUSA filed a civil complaint for forfeiture for the cash and served on Claimant by registered mail.
6. Claimant changed his mind and did not respond to the civil complaint. He instead withdrew his claim.
7. I then obtained a civil Preliminary Order of Forfeiture.

QUESTIONS:

A) Was I correct in obtaining a Civil Preliminary Order of Forfeiture?
B) Since the cash was part of the Criminal Indictment and was sought after in a Civil Complaint by an individual and not the two defendants, will I have to obtain a Consent Decree from both defendants for the Civil case?

Thank you,

Carmelita San Nicolas
Secretary to the U.S. Attorney
  and First Assistant
Asset Forfeiture/CATS Contact
Districts of Guam and NMI
Tel: (671) 479-4142
Fax: (671) 472-7229/7334

Exhibit "1"

